# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>425 Third Street, S.W., Suite 800 )<br>Washington, DC 20024, )<br> )<br>           Plaintiff, )<br> )<br>v. )<br> )<br>FEDERAL BUREAU OF )<br>INVESTIGATION )<br>J. Edgar Hoover Building )<br>935 Pennsylvania Avenue, N.W. )<br>Washington, DC 20535-0001, )<br> )<br>           Defendant. )<br>_____ ) | Civil Action No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Judicial Watch, Inc. brings this action against Defendant Federal Bureau of Investigation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, DC 20535-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. In its effort to promote integrity and accountability in government, Plaintiff determines each year which politicians earn the dubious distinction of being the most corrupt in Washington. Senator Ted Stevens (R-AK) was a regular on Judicial Watch's list of "Ten Most Wanted Corrupt Politicians," most recently featured on Judicial Watch's 2008 list.

6. In a final effort to investigate and report on Senator Stevens, on August 10, 2010, Plaintiff sent a FOIA request to Defendant seeking access to any and all records concerning, regarding, or relating to Theodore Fulton Stevens. As part of its request, Judicial Watch asked that Defendant search its automated indices, its older general (manual) indices, and its Electronic Surveillance (ELSUR) Data Management System (EDMS).

7. Defendant acknowledged receipt of Plaintiff's FOIA request by letter dated August 12, 2010.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiff's August 10, 2010 FOIA request within twenty (20) working days, or by September 10, 2010.

9. As of the date of this Complaint, Defendant has failed to produce any records responsive to Plaintiff's FOIA request or demonstrate that responsive records are exempt from production. Nor has Defendant indicated when or whether any responsive records will be produced. In short, Defendant has failed to respond to the request in any manner.

10. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its August 10, 2010 FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's August 10, 2010 FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (2) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's August 10, 2010 FOIA request; (3) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 16, 2010

Respectfully submitted,

JUDICIAL WATCH, INC.

*(signature)*

Michael Bekesha
D.C. Bar No. 995749

*(signature)*

Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*